UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO. 1:10-CR-51 |
| | ) | |
| WILLIAM HAGLER | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court are two motions filed pro se by the Defendant, William Hagler, including a "Motion to Obtain All Legal Documents" [DE 91] and a "Motion for Judgment of Acquittal" [DE 94] filed on December 22, 2010 and January 4, 2011, respectively. In response, the Government filed its Motion to Strike [DE 95 and DE 96] these filings since Hagler is represented by counsel.

A defendant is not entitled to represent himself while simultaneously represented by counsel. A criminal defendant has the right to appear pro se or by counsel, a right protected by both the Sixth Amendment to the United States Constitution and federal statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel ...."); *see also Faretta v. California,* 422 U.S. 806, 807, 832, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *United States v. Daniels,* 572 F.2d 535, 540 (5th Cir.1978); *Ennis v. LeFevre,* 560 F.2d 1072, 1075 (2nd Cir.1977); *United States v. Williams,* 534 F.2d 119, 123 (8th Cir.1976). This right, however, is disjunctive; thus a party may chose either to represent himself or to appear through an attorney. There is no right to "hybrid" representation that would result in simultaneous or alternating self-representation and representation by counsel. See *United States v. Patterson*, 576 F.3d 431 (7th Cir. 2009) (holding that a defendant dies not have a "right" to represent himself when he is also represented by counsel). Thus, when a defendant who is represented by counsel files a motion pro

se, the motion need not be accepted by the court. *See, e.g., United States v. Williams*, 495 F.3d 810, 813 (7th Cir. 2007); *Abdullah v. United States,* 240 F.3d 683, 685-86 (8th Cir.2001); *United States v. Essig,* 10 F.3d 968, 973 (3d Cir.1993); *United States v. Mosely,* 810 F.2d 93, 97-98 (6th Cir.1987).

In this case, Hagler has competent counsel representing him and thus, any filings he wishes to make must be filed through counsel. Hagler has written the undersigned numerous letters and he has recently asked for a hearing which the Court has set for March 7, 2011 so that Hagler may discuss his concerns including any he has with counsel. In the meantime, however, his "Motion to Obtain All Legal Documents" [DE 91] and his "Motion for Judgment of Acquittal" [DE 94] will be stricken. Any further pro se motions filed by Hagler while he remains represented by counsel will also be stricken and not considered by the Court. The Government's Motions to Strike are GRANTED.

## CONCLUSION

Based on the foregoing, the Government's Motions to Strike [DE 95, 96] are GRANTED. The Court hereby strikes the Defendant's pro se "Motion to Obtain All Legal Documents" [DE 91] and his "Motion for Judgment of Acquittal. [DE 94] from the record.

So ORDERED.

This 7th day of February, 2011

s/ William C. Lee<br>United States District Court

U.S. v. Toufaili 2011 WL 318125, 1 (E.D.Mich.) (E.D.Mich.,2011)