UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA FORT
WAYNE DIVISION

| | |
|---|---|
| WILLIAM HAGLER ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | CASE NUMBER: 1:10 CR 51 |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPINION AND ORDER**

Before the Court is Petitioner, William Hagler's "Motion for Reduction of Sentence" [DE 382] filed on May 8, 2017 wherein he requests a reduction pursuant to the United States District Court for the Eastern District of New York's decision in *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). The government responded on May 22, 2017 to which the Petitioner replied on June 21, 2017. For the following reasons, the Motion will be DENIED.

**DISCUSSION**

On June 29, 2010, a single count Criminal Complaint was filed against Hagler alleging a violation of 18 U.S.C. §2113(a) and (d) in connection with his participation in the attempted armed robbery as set forth in the Criminal Complaint. Thereafter, on July 28, 2010, a single count Indictment was returned against Hagler and his brother, Shawn Hagler, charging them with a violation of 18 U.S.C. § 2118 in connection with their participation in the attempted armed robbery of the National City Bank in Woodburn, Indiana on August 15, 2000. Hagler proceeded to trial and, on December 16, 2010, was convicted on the sole count of the Indictment. Thereafter, a presentence investigation report was prepared and a sentencing date was set in the case. On August

1

29, 2011, Hagler was sentenced to a within guideline sentence of 150 months. Hagler has served approximately 92 months of this sentence and is scheduled to be released from custody on September 15, 2020.

While serving his sentence, Hagler has participated in many therapeutic, fitness and educational classes and has submitted to the Court 15 Certificates of Completion for numerous achievements while incarcerated. He has completed courses in Creative Parenting, Plyometrics, Criminal Thinking, Anger Management, Accepting Responsibility Group Course, Introduction to Electrical, Drug Education, and various other courses including spiritual development. He represents that he has one minor disciplinary infraction for "not standing count." It is with this background that Hagler seeks to reduce his sentence under what he calls the "Holloway Doctrine," which takes its name from a case filed in the Eastern District of New York, *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). Petitioner describes the Holloway Doctrine as "permitt[ing] courts to reduce disproportionately severe sentences." Reply, at p. 1.

As a threshold matter, the Court does not have the jurisdiction to consider Hagler's request. Hagler has previously sought and was denied relief under 28 U.S.C. §2255, and to the extent the Court construed the present petition as a successive petition, the Defendant has not received permission to file a second or successive petition from the Seventh Circuit. On that basis the Court would lack authority to grant his request.

That said, the current petition does not appear to be a request under §2255 as Hagler is not asserting "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See* 28 U.S.C.§2255(a). Nor is he suggesting that any new

2

rule of constitutional law made retroactive on collateral review by the Supreme Court applies. *Id.* at §2255(h).

Moreover, "a district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation omitted). Once a sentence "has been imposed," § 3582(c) generally prohibits a district court from "modify[ing] a term of imprisonment." Congress grants the district courts authority to modify a final sentence only if it is: (1) upon motion by the Director of the Federal Bureau of Prisons; (2) on its own motion if the applicable sentencing guideline has been reduced; or (3) pursuant to Federal Rules of Criminal Procedure Rule 35. A final sentence is only modifiable under Fed. R. Crim. P. 35 if: "(1) it has been vacated and remanded; (2) the government moves to reduce it; or (3) the district court acts within seven days of the original sentence." Hagler's current request does not appear to fall under this category either.

That said, Hagler attempts to circumvent these limitations so as to permit a sentence reduction in the "interest of fairness," *Holloway,* 68 F.Supp. 3d at 11. In *Holloway*, the district court permitted a sentence reduction in the "spirit of fairness," using the authority of Federal Rule of Civil Procedure 60(b) to revisit the defendant's excessive sentence. 68 F. Supp. 3d at 311, 314. The defendant in *Holloway* stole three cars at gunpoint over the course of two days. *Id.* at 312. Each carjacking was charged as a separate count, accompanied by three separate charges for crimes of violence under 18 U.S.C. § 924(c) for use of a gun during each carjacking. *Id.* Holloway went to trial and was convicted on all counts. *Id.* Under the then-mandatory Sentencing Guidelines, he was sentenced to 151 months in prison for the carjacking counts. *Id.* He was also sentenced to mandatory consecutive sentences on the three § 924(c) counts: 5 years for the first conviction and 20 years each for the other two convictions. *Id.* The § 924(c) sentences were required by statute to

run consecutively to each other and to the carjacking sentence, which resulted in a total sentence of 691 months, or 57 years and 7 months. *Id.* at 312-313. Both the Second Circuit and the United States Supreme Court affirmed the convictions and sentence. *Id.* at 313. The district court denied Holloway's § 2255 petition, and the Second Circuit declined to issue a certificate of appealability. *Id.* The Second Circuit also denied Holloway's request to file a successive § 2255 petition. *Id.* at 313-14.

After serving approximately twenty years of his sentence, Holloway filed a motion to reopen his § 2255 proceeding under Rule 60(b) of the Federal Rules of Civil Procedure, based on the unduly harsh sentence produced from the mandatory "stacking" of the § 924(c) counts. *Id.* at 314. District Judge John Gleeson, the sentencing judge, thereafter asked the United States Attorney to "consider exercising her discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions" so he could face a more just resentencing. *Id.* After initially declining Judge Gleeson's request, the United States Attorney ultimately agreed to withdraw her objection to Holloway's Rule 60(b) motion and agreed to the vacating of two of Holloway's § 924(c) convictions, so that Judge Gleeson could resentence Holloway based on the remaining convictions. *Id.* at 314-16.

In this case, Hagler now relies on the Holloway Doctrine in requesting his conviction be vacated and his sentence be reduced to be more fair and just. No Circuit Court has yet addressed *Holloway*. And, the one consistent theme for the Courts that have addressed the *Holloway* decision is that unless the government acquiesces to the reduction, there is no jurisdiction for the district court to reduce the defendant's sentence. *See, e.g., Wade v. United States*, 2015 WL 7732834, at *2 (D. Md. Nov. 30, 2015) (finding "no basis to apply the benefits of the *Holloway* decision, a New York federal district court ruling, to Wade's criminal cases"); *Acuna v. United States,* 2016

WL 3747531 (D. Hawaii, July 8, 2016) (declining to follow *Holloway* and noting "Holloway is contingent on the Government's acquiescence"); *United States v. Horton*, 2016 U.S. Dist. LEXIS 78611, at *3 (E.D.N.C. June 16, 2016) (viewing the Holloway Doctrine as not so much a doctrine, but as "a single case carrying no precedential weight in this court."); *Brown v. United States,* 2016 WL 4745822 (N.D. Ohio, September 13, 2016) (denying request for relief under Holloway for lack of jurisdiction and indicating that even if considered a 2255 petition, no relief followed unless the government acquiesced); *United States v. James Earl Smith, Jr.*, 2017 WL 2889307 (M.D. FL., July 7, 2017) (court has no authority to grant the relief sought by defendant and denying request of modification);  *But see United States v. Ezell*, 2015 U.S. Dist. LEXIS 109814, at *39 (E.D. Pa. Aug. 18, 2015) (encouraging the prosecutor to request a reduction of the defendant's sentence as in *Holloway*); *United States v. Ledezma-Rodriguez,* ___ F.Supp. 3d ___, 2017 WL 1368983 (S.D. Iowa, April 10, 2017) (denying request for lack of jurisdiction  but requesting the prosecuting U.S. Attorney to revisit the case with a "critical eye" noting that it would be a "laudable course…to consider taking any available steps toward the remedy of the inauspicious and undeserving fate that has befallen this Defendant.").

To the extent, Hagler believes the Holloway Doctrine aids his cause, the Court declines to apply it here for several reasons. First, *Holloway* is a district court decision from another jurisdiction and has no controlling effect on this court. Second, a threshold requirement for its application is that the Government must agree to a reduced sentence. Here, the Government does not agree to a reduction of Hagler's sentence.  The Government notes that there is nothing unduly harsh about Hagler's sentence which was based, for the most part, on his extensive criminal history. Hagler received only one enhancement and that was for use of the firearm during the bank robbery.  Accordingly, even if the Court broadly interpreted *Holloway* and determined it had some

5

basis for application here, this Court has no authority to grant Hagler's entreaty for mercy, absent the Government's agreement. The Motion for Reduction must therefore be DENIED.[1]

## CONCLUSION

Based on the foregoing, the Petitioner's Motion for Reduction, [DE 382], is DENIED.

SO ORDERED.

This 25th day of July. 2017

s/ William C. Lee<br>United States District Court

---

[1] The Court commends Hagler on his post-incarceration efforts and encourages him to continue along this path during his remaining period of incarceration. Unfortunately, without the government's acquiescence, the Court is without authority to modify his sentence in spite of these efforts.