UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA FORT
WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NUMBER: 1:10 CR 51 |
| | ) | |
| WILLIAM HAGLER | ) | |
| | ) | |
| | ) | |

# OPINION AND ORDER

Defendant, William Hagler, a federal prisoner proceeding *pro se*, has moved again for a reduction of his sentence,[1] this time under different provisions of section 404 of the First Step Act of 2018 ("the Act"), amended 18 U.S.C. § 3624(b)(1); specifically, he seeks relief under the provisions that change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year. *See* Public Law 115-391, 132 Stat. 5194, § 102. Additionally, Hagler seeks this court to order the Bureau of Prisons to place him in an "RRC placement facility." Unfortunately for Hagler, the Court is without authority to do either for the reasons set forth below.

First, the Act's good-time provisions have not yet taken effect; before they do, the Attorney General must complete the "risk and needs assessment system," the deadline for which is 210 days after the Act's enactment. *Id.* at §§ 101, 102. Therefore, the change in calculation of good-time credit will not take effect until approximately July 2019. *See id.*

---

[1] Hagler previously moved for a reduction of sentence under the First Step Act, see DE 389. The Court appointed counsel to pursue relief for him, if warranted. [DE 391]. Counsel ultimately concluded that Hagler was not entitled to relief and sought to withdraw. [DE 395]. On April 29, 2019, the undersigned granted that motion and concluded that Hagler did not qualify for relief under the First Step Act. [DE 396].

1

Federal courts are limited under Article III of the United States Constitution to deciding "cases" and "controversies." A claim must be "ripe" before a court can hear it, meaning in this context that an administrative decision must be formalized and its effects must be felt in a concrete way by the challenging party. *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 423 U.S. 296, 300 (1998) (internal citations omitted). Because the Bureau of Prisons has no authority to recalculate Hagler's good-time credit under the Act until the relevant provisions take effect in approximately July 2019, the question of whether the bureau erred in administering Hagler's sentence or whether the amount of credit he may be entitled to receive is properly calculated is unripe.

Secondly, the Bureau of Prisons has exclusive jurisdiction to determine sentence credits for federal inmates or the placement of the Defendant within the BOP. *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."). As a result, when the good-time provisions of the Act do go into effect, the proper vehicle for Hagler to use to request relief (after exhausting administrative remedies) would be a petition for habeas corpus under 21 U.S.C. § 2241. *United States v. Parrett*, No. 01-CR-168-JPS, 2019 WL 1574815, at *1–2 (E.D. Wis. Apr. 11, 2019). A Section 2241 habeas petition is properly lodged against "the person who has custody" over the petitioner. 28 U.S.C. § 2242; *id.* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). In "core" habeas cases—those in which the prisoner challenges his present physical confinement—this will be the warden of the prison where he is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). As a

general rule, jurisdiction "lies in only one district: the district of confinement." *Id.* at 443. It appears Hagler is currently incarcerated in Welch, West Virginia. Therefore, this Court does not have jurisdiction to hear Hagler's Section 2241 claim; he must go to the court in the district where is confined. For all of these reasons, Hagler's motion for a sentence reduction under the First Step Act will be denied.

## **CONCLUSION**

Based on the foregoing, Hagler's Motion for Reduction of Sentence [DE 397] is DENIED. Entered: This 4th day of June, 2019.

s/ William C. Lee  
United States District Court